UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE NATIONAL AUTOMATIC )
SPRINKLER INDUSTRY WELFARE FUND, )
TRUSTEES OF THE NATIONAL AUTOMATIC )
SPRINKLER LOCAL 669 UA EDUCATION FUND, )
TRUSTEES OF THE NATIONAL AUTOMATIC )
SPRINKLER INDUSTRY PENSION FUND, )
TRUSTEES OF THE SPRINKLER INDUSTRY )
SUPPLEMENTAL PENSION FUND AND )
TRUSTEES OF THE INTERNATIONAL )
TRAINING FUND )
8000 Corporate Drive )
Landover, MD 20785 )
           )
        Plaintiffs, )
           )
   v.           ) C.A. NO.
           )
DYNAMIC FIRE PROTECTION, INC. )
8730 Swan Creek Road )
Newport, MI 48166 )
           )
Serve:  Todd Fountain, Registered Agent )
     8730 Swan Creek Road )
     Newport, MI 48166 )
           )
and )
           )
TODD FOUNTAIN )
8730 Swan Creek Road )
Newport, MI 48166 )
           )
Serve:  Todd Fountain )
     8730 Swan Creek Road )
     Newport, MI 48166 )
           )
        Defendants. )

## COMPLAINT

## (FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT, TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS AND FOR BREACH OF SETTLEMENT AGREEMENT

## PARTIES

1.     Plaintiffs Trustees of the National Automatic Sprinkler Industry Welfare Fund, Trustees of the National Automatic Sprinkler Local 669 UA Education Fund, Trustees of the National Automatic Sprinkler Industry Pension Fund, Trustees of the Sprinkler Industry Supplemental Pension Fund and Trustees of the International Training Fund (hereinafter "NASI Funds") are employee benefit plans as that term is defined in Section 3(3) of the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. § 1002(3).  Plaintiff Funds are established and maintained according to the provisions of the Restated Agreements and Declarations of Trust establishing the NASI Funds (hereinafter "Trust Agreements") and the Collective Bargaining Agreements between Sprinkler Fitters Local Unions Nos. 669 and 704 and the Defendant.  The NASI Funds are administered at 8000 Corporate Drive, Landover, Maryland  20785.

2.     Defendant Dynamic Fire Protection, Inc. (hereinafter "Dynamic") is a corporation existing under the laws of the State of Michigan with offices located in Michigan. Defendant transacts business in the state of Michigan as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

3.     Defendant Todd Fountain (hereinafter "Fountain") is a resident of the state of Michigan and the President of the Defendant company.

2

## JURISDICTION

4. This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a). This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce and an action to collect contributions due to employee benefit plans under the terms of the Collective Bargaining Agreement, and an action for breach of a Settlement Agreement and Promissory Note.

## COUNT I

5. At all times relevant herein, Defendant Dynamic has been signatory to Collective Bargaining Agreements with Sprinkler Fitters Local Unions Nos. 669 and 704 requiring contributions to the NASI Funds for each hour of work by employees performing installation of automatic sprinkler systems.

6. Defendant Dynamic is bound to the Trust Agreements and to the Guidelines for Participation in the NASI Funds (hereinafter "Guidelines").

7. Defendant Dynamic employed certain employees covered by the Collective Bargaining Agreements during the period of January 2005 through the present.

8. The Defendant Dynamic experienced substantial difficulty in making the required benefit contributions to the NASI Funds. In response to these difficulties, the NASI Funds and said Defendant entered into a Settlement Agreement and Promissory Note (hereinafter "settlement documents") allowing for a systematic payment over time of all amounts owed to the NASI Funds. These settlement documents required, inter alia, the payment of the principal amount of $245,270.32 by said Defendant to the NASI Funds in monthly installment payments over a period of 48 months. The

settlement documents further provided that the Defendant Dynamic remain current in all future contributions to the NASI Funds for the duration of the settlement and file all monthly report forms and payments on time as required by the Funds' Trust Agreements. Liquidated damages and accrued interest in the amount of $125,594.83 were waived contingent upon the Defendant Dynamic making each and every one of the scheduled payments as they became due under this Agreement and contingent upon the Defendant Dynamic remaining current in its monthly contributions for the duration of the settlement.

9. Defendant Fountain personally executed these settlement documents pursuant to which he committed himself to act as a guarantor for all amounts owed by the Defendant Dynamic to the NASI Funds inclusive of future monthly contributions owed to the Funds for the duration of the settlement.

10. The Defendant Dynamic defaulted on the terms of the settlement documents by failing to pay contributions owed to the NASI Funds for the months of April and May 2019. Pursuant to the terms of the settlement documents, Defendant is in default and the amount of $176,163.82 for contributions, reinstated liquidated damages and interest currently owed under the settlement documents is immediately due and payable to the NASI Funds.

11. Defendant Dynamic has failed to make contributions due to Plaintiff Funds for the months of April and May 2019. In addition, Defendant has failed to submit report forms for these months. Pursuant to the terms of the Collective Bargaining Agreements, Defendant is obligated to submit report forms and pay contributions owed to Plaintiff Funds.

12. Pursuant to Article VI, Section 6 of the Restated Agreements and Declarations of Trust establishing the NASI Funds, when an employer fails to file the properly completed report forms,

4

in order to determine the amounts due, the Funds are authorized to project the delinquency amount using the following formula:

> . . . The Trustees may project as the amount of the delinquency the greater of the average for the monthly payments actually made by the Employer for the last three (3) months for which payments were made, or the average of the monthly payments made by the Employer for the last twelve (12) months for which payments were made. . .

13. Using report forms submitted for the last three (3) months for which actual payments were made, the projected delinquency for the months of April and May 2019 is $27,057.54 calculated as follows:

| Month | Welfare Reported | Pension Reported | ITF Reported |
|---|---|---|---|
| January 2019 | $7,714.41 | $3,940.20 | $72.30 |
| February 2019 | $8,450.64 | $4,224.00 | $79.20 |
| March 2019 | $10,541.96 | $5,464.80 | $98.80 |
| Monthly Average: | $8,902.34 | $4,543.00 | $83.43 |

14. Defendant's contributions owed on behalf of its sprinkler fitter employees for the month of March 2016 was paid late. The specific amounts paid and the date in which the Defendants' contributions were received by the NASI Funds are set forth on the attached breakdown (Exhibit A).

15. Defendant Dynamic's contributions on behalf of its sprinkler fitter employees for the months of April and May 2019 are late.

16. Pursuant to the Trust Agreements and the Guidelines for Participation in the NASI Funds, an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

> (1) If payment is not received in the Funds Office by the 15th of the month, 10% of the amount is assessed.

5

(2) An additional 5% is added if payment is not received in the Funds Office by the last working day of the month in which payment was due.

(3) An additional 5% is added if payment is not received by the 15th of the month following the month in which payment was due.

17. Pursuant to this provision, Defendant Dynamic is obligated to Plaintiff Funds in the amount of $4,735.07 in liquidated damages assessed on late contributions for the months of March 2016, April 2019 and May 2019, plus interest from the date of delinquency through the date of payment at the rate provided in 29 U.S.C. Section 1132(g) and the Restated Agreements and Declarations of Trust establishing the NASI Funds.

18. Pursuant to the terms of the settlement documents, the Defendant Todd Fountain is liable for all amounts owed by the Defendant Dynamic to the NASI Funds. Accordingly, the Defendants Dynamic and Todd Fountain are jointly and severally liable to the NASI Funds for the sum of $207,956.43, plus costs, interest and attorneys' fees.

**WHEREFORE**, in Count I, Plaintiff Funds pray for judgment against the Defendants Dynamic Fire Protection, Inc. and Todd Fountain, jointly and severally, as follows:

A. In the amount of $176,163.82 as currently owed under the terms of the settlement documents.

B. In the amount of $27,057.54 for contributions due for work performed during the months of April and May 2019, plus costs, interest, and reasonable attorneys' fees assessed pursuant to 29 U.S.C. § 1132(g), the Trust Agreements and the Guidelines for Participation in the NASI Funds.

C. In the amount of $4,735.07 for liquidated damages assessed on late contributions for the months of March 2016, April 2019 and May 2019, plus costs, interest, and

reasonable attorneys' fees assessed pursuant to 29 U.S.C. § 1132(g), the Trust Agreements and the Guidelines for Participation in the NASI Funds.

D. For costs, interest, and reasonable attorneys' assessed pursuant to 29 U.S.C. § 1132(g), the Trust Agreements and the Guidelines for Participation in the NASI Funds.

E. For all contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment, plus costs, interest, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g) and the Restated Agreements and Declarations of Trust establishing the NASI Funds.

F. For such further relief as the Court may deem appropriate.

Respectfully submitted,

**O'DONOGHUE & O'DONOGHUE, LLP**
5301 Wisconsin Avenue, N.W.
Suite 800
Washington, D.C. 20015
(202) 362-0041 – telephone
(202) 362-2640 – facsimile
cgilligan@odonoghuelaw.com

By: _____/s/_____
Charles W. Gilligan
Maryland Bar No. 05682

Attorneys for Plaintiffs

328920_1

7

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 2nd day of July, 2019 on the following:

The Office of Division Counsel
Associate Chief Counsel (TE/GE) CC: TEGE
Room 4300
1111 Constitution Avenue
Washington, DC 20224
Attention: Employee Plans

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC 20210
ATTENTION: Assistant Solicitor for
           Plan Benefits Security

                                                        /s/
                                              Charles W. Gilligan

328920_1